IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EYRIQ PULLIN, | § |
| Plaintiff, | § |
| v. | §  CIVIL ACTION NO.: |
| AIR DISTRIBUTION TECHNOLOGIES, INC., | §  1:25-cv-669 |
| Defendant. | §  JURY DEMAND |

# COMPLAINT

## I. INTRODUCTION

1. This is an action for legal and equitable relief for violations of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff alleges Defendant discriminated against him on the basis of his race and/or national origin.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in Geneva County, Alabama.

**III.   PARTIES**

4. Plaintiff Eyriq Pullin ("Plaintiff" or "Pullin") is a citizen and resident of Dothan, Alabama. At all relevant times, Plaintiff was an "employee" within the meaning of Title VII.

5. Defendant Air Distribution Technologies, Inc. ("Defendant") is a private employer doing business in Alabama, and was Plaintiff's employer within the meaning of the Title VII.

**IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging race and/or national origin discrimination.

7. The Equal Employment Opportunity Commission issued Plaintiff a Right to Sue letter. This action is timely filed within ninety (90) days of his receipt of said letter.

**V.   FACTUAL ALLEGATIONS**

8. Pullin worked for Defendant as a Plant Manager and performed his duties at a high level.

9. Pullin is a domestically born African American.

10. Under Pullin's leadership, Defendant's Geneva, Alabama plant improved from being Defendant's 23rd ranked production facility to the 2nd ranked facility, company-wide.

11. Pullin had no history of disciplinary actions, and no record of misconduct prior to his termination.

12. On or about December 13, 2024, Defendant abruptly terminated Pullin's employment.

13. Defendant told Pullin his termination was based upon an unsubstantiated allegation that Pullin grabbed another employee.

14. Said accusation was false, as Plaintiff did not grab another employee as alleged.

15. Defendant failed to investigate the allegation or allow Pullin an opportunity to respond, in contrast to how it treats non-black and/or foreign-born employees accused of similar misconduct.

16. Roberto (LNU), Pullin's immediate supervisor, is Hispanic and foreign-born. Roberto treated Pullin less favorably as compared to non-black and/or foreign-born employees.

17. Throughout his employment with Defendant, Pullin noticed that Roberto favored Hispanic and foreign-born employees.

18. Defendant replaced Pullin with Jesus (LNU), a Hispanic, foreign-born individual who Defendant previously rejected for the Plant Manager role because he did not hold the requisite qualifications and experience.

19. Said disparate treatment, failure to investigate, and replacement by a lesser-qualified, foreign-born Hispanic individual demonstrate that Defendant's stated reason for Pullin's termination is pretextual.

20. Defendant's actions and/or inactions were motivated by Pullin's race and/or national origin.

## VI.  CAUSES OF ACTION

### COUNT I —RACE DISCRIMINATION IN VIOLATION OF TITLE VII

21. Pullin incorporates paragraphs 2-20 above as if fully set forth herein.

22. Defendant treated Pullin disparately as compared to non-black employees.

23. Such treatment includes but is not limited to Pullin's termination and failure to investigate allegations made against him.

24. Pullin's replacement by a lesser qualified non-black employee is further proof that Defendant's stated reason for Pullin's termination is pretextual.

25. As a direct and proximate result, Pullin suffered loss of income, benefits, standing in his profession, and emotional distress.

## COUNT II —NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

20. Plaintiff incorporates paragraphs 2-20 above as if fully set forth herein.

21. Defendant held Pullin to a less favorable standard of employment as compared to foreign-born employees.

22. Defendant did not investigate allegations made against Pullin as it does foreign-born employees.

23. Defendant sought to replace Pullin with a foreign-born employee, and such a desire was driven by Pullin's national origin.

24. Pullin was replaced by a lesser-qualified foreign-born employee.

25. As a direct and proximate result, Pullin suffered damages as described above.

### VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award Plaintiff compensatory damages for lost wages, benefits, emotional distress, and other harm;

C. Award Plaintiff punitive damages;

D. Award Plaintiff his costs and reasonable attorney's fees; and

E. Order such other and further relief as this Court deems just and proper.

Dated: August 21, 2025.

/s/ Eric C. Sheffer
Eric C. Sheffer
**Counsel for Plaintiff**

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
E-mail: esheffer@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ Eric C. Sheffer
**OF COUNSEL**